**THOMAS L. TALLENTIRE v. LEONORA FORNEY BURK-
HART.**

7 So. (2nd) 326                                     Division B
March 20, 1942              Rehearing Denied April 17, 1942

Henry K. Gibson, for appellant.

A. C. Franks, for appellee.

THOMAS, J.:

Leonora Forney Burkhart, appellee in the present
appeal, was awarded a divorce from her husband,
William S. Burkhart, on June 10, 1941. The provi-
sions of the final decree may be placed in two
classifications: first, those dealing with the severance
of the matrimonial ties, the awarding of solicitors fees
and the like, and second, the one providing for a
judgment in favor of the wife against the husband
for approximately forty thousand dollars for moneys
recited to have been advanced to him by her. As it
will be noted, the husband is not a party to the present
controversy, therefore, we are concerned only with
the part of the final decree described in the latter
category.

On 4 August, 1941, the appellant presented a petition for intervention alleging in substance that he had loaned four thousand dollars to William S. Burkhart, taking from the borrower as collateral one hundred shares of the stock of William S. Burkhart Realty Coporation, represented as all of the stock outstanding that he received it without knowledge of any litigation involving this security; that afterwards he was advised that the sheriff of Dade County, Florida, had levied on a "purported 30,000 shares of stock" and was to sell it at public auction in blocks of ten thousand shares on June 2, 1941; that time did not permit a thorough investigation and, to protect his investment, he authorized an agent to bid upon the property, whereupon, ten thousand shares were bought for him for the sum of $2750 in cash, which was paid to the sheriff in return for a bill of sale.

It was further stated in the petition that a levy had been made July 5, 1941 on twenty thousand shares of common stock which was then being advertised for sale on August 4, 1941, pursuant to the judgment contained in the final decree, and that on July 7, 1941 the plaintiff in the divorce suit filed a petition setting out that the defendant (husband) was "owner and holder of all except two qualifying shares of the stock" of the corporation and that certain lands, the record title to which was in the corporation, were actually owned by said defendant. Thereupon, the chancellor had ordered the real property sold, too, by a master who had advertised the sale for the same day that sheriff was to receive bids on the stock. (It should be noted here that despite this allegation ten thousand shares of stock had already been sold at the instance of petitioner to satisfy the judgment con-

tained in an interlocutory order, Burkhart v. Circuit Court of Eleventh J. Circuit, 146 Fla. 457, 1 So. (2nd) 872.) It was flatly asserted in the petition for intervention that there were but one hundred shares of stock outstanding in the corporation and that they had been levied upon and sold under a judgment for petitioner entered in a suit on the cognovit note instituted in another state to enforce payment of the amount .of the loan made by him to the defendant Burkhart. We have not attempted to give in full the contents of the petition for intervention but only such of them as might be necessary to determine whether there was any merit to the claim for intervention.

Parenthetically, to minimize the confusion which may result from an effort to epitomize the rather complicated facts as they are reflected in the pleadings, it is well to say that the disparity between the number of shares considered as outstanding by the appellee, thirty thousand in number, and those believed extant by the appellant, one hundred, is explained in the petition as follows: The corporation was organized with an authorized capital of thirty thousand shares but only one-tenth of that number was issued and in 1931, because of inflation and greatly decreased value of the corporate lands, which composed all of its assets, the three thousand shares were called in and cancelled and one hundred shares issued in lieu thereof.

The day the petition for intervention was filed the chancellor entered an order granting it but declined to halt the sale of the stock to be made by the sheriff and the sale of the lands to be made by the master on that day, however, he did rule that there should be no confirmation of the sales until the issues presented

by the petition for intervention were determined. Later, during that month, the petition for intervention was dismissed and in the same order the court appointed a receiver for the property which had on August 4, 1941 been sold by the master.

It is the position of counsel for both parties that the principal question to be determined is the propriety of granting a petition for intervention filed after entry of a decree such as we have described. The appellee insists that the chancellor was correct in his ruling because the decree in the divorce case was final, while the appellant asserts that it had no finality so far as the aspect of the controversy affecting his rights was concerned.

Under Section 9 of the 1931 Chancery Act "Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention. . . ." Before the adoption of that rule it had been written by Mr. Justice Brown, in People's Bank v. Virginia Bridge & I Co., 94 Fla. 474, 113 So. 680, that there was "serious doubt about the right . . . to intervene after final decree," but it was added that there were "cases where in the interests of justice leave to intervene has been granted" at that late date.

It seems to us that under the rule, as well as the decision which preceded it, there was ample justification for the allowance of intervention on the part of this appellant. It is obvious that one phase of the litigation in the divorce suit was not concluded, for the very person who asserts that the decree was final is pursuing her remedy to collect a judgment incorporated in it. Her positions that she may proceed to collect her judgment imbedded in the decree and that one whose rights are affected by the procedure may

not interfere are utterly inconsistent. The appellant has a very real interest in the stock of the corporation, hence in the lands, and if he is able to substantiate the allegations of his petition it is difficult to see why he should not prevail. There seems little need to discuss in detail other inconsistent attitudes of the appellee which are apparent from the record, but it should be noted that stock of the corporation has been sold by the sheriff on two occasions and the land it owns once and, although the appellee is attempting to thwart the appellant in his effort to protect his rights, he bought ten thousand shares, the existence of which is doubtful, sold at the instance of the appellee, the purchase price of which has been paid to the sheriff. Besides, he owns stock originally pledged by Burkhart.

The William S. Burkhart Realty Corporation was, of course, not a party in the divorce suit and all of the litigation with reference to the stock and property of that corporation has had its inception since the entry of the so-called final decree.

In all of these circumstances we think that the order dismissing the petition for intervention was erroneous and it is, therefore—

Reversed.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.