**BURKHART v. TALLENTIRE et al.**

Civil Action No. 639.

District Court, S. D. Ohio, W. D.

June 11, 1943.

Daniel C. Handley, Jr. and David Howe, both of Cincinnati, Ohio, for plaintiff.

William R. Meier, M. Froome Barbour, James E. Kimpel, Clark & Robinson, Ernst, Cassatt & Cottle, and George D. Harper, all of Cincinnati, Ohio, for defendants.

DRUFFEL, District Judge.

The above entitled action was commenced here by Leonora Forney Burkhart, plaintiff, in which it is alleged, among other things, that she was awarded by final decree in the Circuit Court of Dade County, Florida, a judgment for $50,853.63, plus $375 per month as permanent alimony in a divorce action against William S. Burkhart, now deceased; that defendants Thomas L. Tallentire and M. Froome Barbour conspired with William S. Burkhart to deprive her of the fruits of said final decree to her damage in the sum of $250,000.

All the defendants, except three who are residents of Florida, who were not served and who are not before the Court, move for summary judgment, pursuant to Rule 56 of the Rules of Civil Procedure, 28 U. S.C.A. following section 723c, on the ground that the complaint, together with the affidavits filed in support thereof, show that there is no genuine issue of any material fact existing and that they are entitled to judgment as a matter of law. Plaintiff filed counter affidavits in opposition to the motion for summary judgment.

From an examination of the pleadings, the affidavits, counter affidavits and voluminous exhibits attached thereto, it appears that the plaintiff here, Leonora Forney Burkhart, and William S. Burkhart were married June 15, 1923, divorced September 21, 1925, remarried October 24, 1926; that prior to the remarriage the parties entered into an anti-nuptial contract making provision for distribution of property in lieu of dower, etc. In November, 1938, they became separated, William S. Burkhart returning to Hamilton County, Ohio, from Florida, where they had been residing. On January 11, 1939, Leonora Forney Burkhart filed a petition for divorce in the Circuit Court of Dade County, Florida. On February 2, 1939, William S. Burkhart filed suit for divorce in the Common Pleas Court, Hamilton County, Ohio.

In the Dade County action an order for publication was entered April 1, 1939, requiring defendant William S. Burkhart to answer on or before May 1, 1939.

In the Hamilton County action, service was secured by publication on defendant Leonora Forney Burkhart, and a divorce granted William S. Burkhart April 28, 1939. On appeal by Leonora Forney Burkhart the divorce decree was affirmed by the Court of Appeals, whose decision was made final and absolute by the refusal of the Supreme Court of Ohio to enter an order to certify the record on motion of Leonora Forney Burkhart.

Thereafter William S. Burkhart entered his special appearance in Dade County and moved to quash the order for constructive service and to dismiss. The Supreme Court of Florida held this appearance to be special rather than general. The Dade County action then proceeded to final judgment against the defendant William S. Burkhart based upon constructive service. The judgment was entered June 10, 1941, granting divorce to Leonora Forney Burkhart; $375 monthly alimony; $5,000 counsel fees; $31,430.00 monies advanced by Leonora Forney Burkhart to William S. Burkhart, $10,940 as interest, and other items of expense and costs totaling $50,853.63.

Starting with the original divorce action, many other Burkhart et al. v. Burkhart et al. actions involving marital rights and remedies were commenced, the record disclosing this cause in its many ramifications being before the Supreme Court of Florida up to now, eight (8) times.

The record also discloses that on or about May 28, 1941, in Cincinnati, Ohio, William S. Burkhart borrowed $4,000 from Thomas L. Tallentire, one of the defendants herein, pledging with Tallentire three stock certificates of the William S. Burkhart Realty Company, being all the capital stock of said corporation. Sometime later the Sheriff of Dade County made a levy on the stock to pay temporary alimony and counsel fees and at a sheriff's auction in competition with Leonora Forney Burkhart said Tallentire bid in the stock for $2,750. Thus Tallentire became the owner of all the stock of The Burkhart Realty Company. Thereafter the Sheriff of Dade County in pursuance of an ex parte order purported to levy on claimed non-existing realty company stock. Thereupon Tallentire and the Realty Company intervened; their petition was dismissed and on appeal it was ordered reinstated by the Supreme Court. 150 Fla. 137, 7 So.2d 326. The judgment theretofore granted is now be-

fore the Supreme Court of Florida for review and vacation; the intervenors challenging the judgment on the ground that the Circuit Court of Dade County had never acquired any personal jurisdiction over the defendant and had no authority to award the money decree in personam against the defendant William S. Burkhart, etc.

William S. Burkhart died at Reading, Ohio, in November, 1941, and the defendant The Southern Ohio Savings Bank and Trust Company was appointed and qualified as Executor of the estate. On March 23, 1942, Leonora Forney Burkhart presented to the Executor her verified claim based upon the Dade Circuit Court final decree. Upon rejection of the claim by the executor, Leonora Forney Burkhart brought an action in the Hamilton County Common Pleas Court against the Estate of William S. Burkhart for the amount of the judgment based on the final decree, which cause is now pending and at issue.

The record also discloses that all uncontested claims against the estate have been filed and satisfied and that said estate is now in process of settlement in the Hamilton County Probate Court, and that the assets are more than sufficient to pay $50,853.65, the amount of the claimed final judgment decree.

In support of the motion for summary judgment, the defendants challenge the judgment on the same ground as asserted in the petition for review before the Supreme Court and also claim that the Florida decree is null and void and subject to collateral attack here.

On the other hand, plaintiff claims that the intervenors Tallentire and the William S. Burkhart Realty Company have not acquired their interest in the property as bona fide purchasers; that the petition for review in the Florida Supreme Court is frivolous and filed for the purpose of delay, etc.

■ That the question raised may be regarded as serious rather than frivolous, as plaintiff claims, clearly appears from the language of the judge entering the final decree, "I am no longer free to apply my best judgment, but I think I should be reversed for the order I am about to enter in adhering to the former rulings in conflict with the foregoing conclusions." The question apparently disturbing the Court was his right to grant judgment in personam

on constructive service, particularly in view of claimed faulty and unlawful constructive service. But since this is the precise issue before the Florida Supreme Court who have prior jurisdiction it would not be proper to discuss it further or to pass on it here.

The many issues raised in the various actions in the Florida and Ohio Courts must not be permitted to confuse the issue at bar.

The immediate question for determination is whether or not the motion for summary judgment is well taken in view of the record here.

The action here is for damages in the sum of $250,000 alleged to have been suffered by plaintiff because her late husband and the defendants here attempted to deprive her of the fruits of a so-called final decree awarding her $50,853.65 against her husband growing out of an action for divorce.

■ The decree may be taken as final so far as the Dade Circuit Court is concerned, but it cannot be taken as absolute by this court for the purpose of sustaining this action for the reason that the Florida Supreme Court has before it now the question of the validity of the so-called final decree.

That is to say that the action here is based upon a so-called final decree whose absolute finality has not been determined by the Supreme Court of Florida.

■ In addition, it has long been the definite and fixed rule of the Federal Courts not to take or accept jurisdiction of causes wherein State Courts have prior jurisdiction involving the same parties and subject matter.

■ This being so, regardless of the pendency of the action in Florida, or of the final determination by the Supreme Court there, the action here would be subject to a motion to dismiss under the foregoing rule, because of the fact that plaintiff has also an action now pending and at issue in Hamilton County, Ohio, Common Pleas Court, based on the same final decree, resulting from the refusal of the Executor of the William S. Burkhart Estate to approve judgment claim.

■ Also, a more substantial and serious question arises, that is, how the action here could be maintained or damage established while plaintiff is attempting to

collect the amount of the judgment from the Burkhart Estate whose assets are sufficient to satisfy a valid judgment. If the judgment decree is eventually held to be good the estate is able to pay and if the judgment is satisfied this would automatically dispose of the damage claim. If the judgment decree is eventually held invalid, likewise the basis for this action would cease to exist.

In view of the foregoing, this Court has no alternative but to find as a matter of fact that there is no genuine issue of any material fact existing between the parties here and concludes as a matter of law that defendants' motion for summary judgment is well taken and the same is hereby granted. An entry may be prepared accordingly.