96 So.2d 417 (1957)
MIRACLE HOUSE CORPORATION, Appellant,
v.
Agnes HAIGE, Lander Haige, Enar Haige, Allan Haige, and George K. Kickliter, Receiver, Appellees.
Supreme Court of Florida.
July 10, 1957.
*418 Holland, Betts & Hobson, St. Petersburg, for appellant.
Wm. C. Kaleel and Luke R. Kaleel, St. Petersburg, for appellees.
ROBERTS, Justice.
The sole issue here is the propriety of the lower court's order denying the petition of appellant to intervene in a cause therein pending in which the appellees were contesting their respective rights in and to certain property.
Rule 3.4, Fla.Rules Civ.Proc. 1954, 31 F.S.A., provides that "Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." This rule is derived from Equity Rule 9, which was the same as Sec. 9 of the Chancery Act, Sec. 63.09, Fla. Stat. 1949, F.S.A. In construing the statute from which the rule derived, this court said in Morgareidge v. Howey, 1918, 75 Fla. 234, 78 So. 14, 15, that
"It has generally been held that the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation."
Here, the appellant had a very real interest in a parcel of the property in litigation by virtue of a contract of purchase and sale thereof executed in its favor by one of the appellees. The determination of the rights of the appellees would have a direct effect on the rights of the appellant under its contract. All the parties and the res were before the court; and in view of the aim of the rules to allow liberal joinder of parties and claims and the policy of equity to grant complete relief and avoid a multiplicity of suits, we think the lower court had full authority to allow the intervention and decide the issue therein made. See Switow v. Sher, 1939, 136 Fla. 284, 186 So. 519, 525, holding that an intervenor's cross-bill raising a new issue is proper "where some special circumstances such as insolvency and nonresidence exist, which render it necessary to depart therefrom in order to avoid irreparable injury." Cf. also Singletary v. Mann, 1946, 157 Fla. 37, 24 So.2d 718, 166 A.L.R. 904; Bancroft v. Allen, 1937, 128 Fla. 14, 174 So. 749; Tallentire v. Burkhart, 1942, 150 Fla. 137, 7 So.2d 326.
In view of the court's proposal to approve a sale of the subject property by the receiver and the absence from the country of the appellee who executed the contract of purchase and sale in favor of appellant, we think there can be no doubt that the appellant will be irreparably injured by the denial of its request for intervention in the pending litigation.
We hold, therefore, under the authority of the above-cited cases, that intervention could and should have been allowed to the appellant and that it was error not to do so.
The order appealed from is reversed and the cause remanded for further proceedings *419 not inconsistent with the opinions herein expressed.
It is so ordered.
TERRELL, C.J., and DREW, THORNAL and O'CONNELL, JJ., concur.