ALLEN, Judge.
This is an appeal from an order denying the appellant’s right to intervene in a mortgage foreclosure suit in Hillsborough County.
The suit in question was brought by Eduardo Morales, as trustee, against the Southern Creosoted Lumber Company, Inc., to foreclose a certain mortgage. The mortgage involved both real and personal property, located in Hillsborough County. Within ten days after an answer was filed by the defendant, a petition for leave to intervene and a motion to stay the cause was filed by the appellant. The petition alleged that the petitioner, Central Bank and Trust Company, had, on October 18, 1956, filed a suit in the Circuit Court for Dade County, Florida; and that both the Southern Creosoted Lumber Co., Inc., the defendant in the instant case, and Eduardo Morales, the plaintiff in this cause, were parties defendant in said suit in addition to certain banks for whom Eduardo Morales was alleged to be acting as trustee. In the Dade County suit petitioner sought to set aside an agreement alleged to have been entered into by and between the appellees herein and others in the Dade County suit, and to set aside the mortgage which is sought to be foreclosed in the Hillsborough County case. A summary final decree was entered against petitioner in the Dade County suit, and it has taken an appeal therefrom to the Supreme Court of Florida, which appeal is presently pending. One of the issues before the Supreme Court on said appeal is the validity of the agreement and mortgage involved in the present suit, and if the Supreme Court reverses the decision of the lower court in the Dade County case and holds the mortgage to be invalid, the basis for the Hillsborough County case will be extinguished. The petitioner prayed the court for leave to intervene and file its answer and for a stay of all proceedings in this cause pending a final determination of the mentioned appeal to the Supreme Court.
An answer to the petition to intervene was filed by Eduardo Morales, as trustee, plaintiff in the Hillsborough County suit, to which was attached a copy of the summary final decree entered in the Dade County action in favor of Morales and others and against the Central Bank and Trust Company, the petitioner in the Hillsborough County case. The answer further alleged that the Central Bank and Trust Company had appealed from the summary final decree entered in the Dade County suit but had never posted, nor requested leave to post, a supersedeas bond; and that therefore, said summary final decree remained in full force and effect as an adjudication of the contentions made by said Central Bank and Trust Company in its complaint.
The court entered an order denying the right of the petitioner to intervene and this appeal followed. The appellant states the question involved:
“Is a creditor who has previously instituted suit to set aside a certain mortgage and is prosecuting same entitled *902 to intervene in a foreclosure action brought by the mortgagor subsequent to the creditor’s suit and while the c"editor’s suit — to which all parties to the foreclosure action are parties — is pending before the Supreme Court of Florida on an appeal in which one of the issues is the validity of the agreement and mortgage sought to be foreclosed in the foreclosure action; and if the creditor is entitled to intervene is he entitled to an order staying the foreclosure action pending a final determination of the creditor’s suit by the Supreme Court?”
It will be observed from the question stated that the petitioner sought to intervene in the Hillsborough County mortgage foreclosure action for the purpose of securing an order to stay that action until after the Supreme Court acted on an appeal taken from a decision of the Circuit Court of Dade County.
The 31 F.S.A. Florida Rules of Civil Procedure (Rule 3.4) provides:
“Anyone claiming an interest in pending litigation may at any time be permitted to assert his right by intervention, but the intervention shall be insubordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.”
The appellant, in its brief, admits that the intervention sought by it is not insubordinate to and in recognition of the propriety of the main proceeding, but that the exact opposite is the case. It has been held that under special circumstances, such as insolvency and nonresidence, the court will allow intervention which raises a new issue. Switow v. Sher, 1939, 136 Fla. 284, 186 So. 519; Miracle House Corporation v. Haige, Fla.1957, 96 So.2d 417.
The appellees, in their brief, assert that the appellant has attempted to have the Su-pi eme Court stay this cause by filing a petition for stay order or supersedeas in the case of Central Bank and Trust Company, a Florida corporation, Appellant, v. P. J. Davis et al., Appellees (the Dade County case now on appeal to the Supreme Court), and included in their appendix a copy of such petition, and the order of the Supreme Court denying the same.
The appellant, in its reply brief, argues that the Supreme Court had no jurisdiction over the foreclosure suit in Hillsborough County, and therefore, had no alternative but to deny the appellant’s petition for a stay order or supersedeas; and that the only thing decided by the Supreme Court by its denial of supersedeas or stay, is that the Court was at that time without jurisdiction over the Hillsborough County foreclosure suit.
The action of the Supreme Court, above recited, while not binding on this court in this action, is of weight with us. The Supreme Court has the power, under the Florida Constitution to issue writs to preserve the res of any case on appeal before it. The Court could have used this power for the protection of any rights of the appellant violated in this suit. Fla.Const. Art. V, Sec. 4, F.S.A.
We are of the opinion that where a petitioner seeks to intervene in a cause, and it is apparent to the trial judge that the purpose of the intervention is to stop the progress of the case until an appeal taken by the petitioner to the Supreme Court in another case has been determined, the trial court does not abuse his discretion by denying such intervention even though the decision of the Supreme Court could be determinative of the equities of the case in which the petitioner seeks to intervene.
We, therefore, affirm the lower court.
Affirmed.
KANNER, C. J., and SHANNON, J., concur.