RAWLS, Judge.
Appellants appeal from an order denying them the right to intervene in a class suit originally instituted to compel the tax assessor to assess real property in Volusia County at 100% of the fair market value.
The chronology of prior proceedings is:
February 12, 1965. Four couples filed a taxpayers’ class suit to compel the assessment of Volusia County real property at full value.
August 16, 1965. Summary final decree was entered commanding the preparation of the 1966 tax rolls and retaining jurisdiction.
July 28, 1966. Petition of the Board of Public Instruction to intervene was granted.
December 28, 1966. Upon stipulation by the parties, all taxing bodies in Volusia County were joined as parties, and they were ordered to show cause why the millage for each body should not be “finally determined” on the basis of the ratio certified by the tax assessor in accordance with Section 193.03, Florida Statutes, F.S.A.
January 4, 1967. The Board of Public Instruction moved to modify that portion of the December 28, 1966 order relating to Section 193.03, the method of fixing millage in a year of revaluation.
January 9, 1967. Trial judge entered an order construing the words “total of assessed valuation” in Section 193.03(6) to mean assessed property, including homestead exempt property but excluding wholly exempt property.
January 18, 1967. Board of Public Instruction filed a petition seeking a determination as to whether it would be required to reduce the millage authorized to be levied pursuant to Section 10, Article XII, Florida Constitution, F.S.A., and seeking to enjoin the tax assessor from reducing the school millage.
January 19, 1967. The trial judge found that the Board of Public Instruction was not required to reduce its millage and enjoined the tax assessor from certifying a millage roll-back for the schools.
January 30, 1967. The order making all other taxing bodies in the county parties to the cause was not rendered until January 30, 1967.
On February 17, 1967, the appellants, seven property owners acting on behalf of the other taxpayers, served their petition to intervene alleging that the original suit was for reassessment, but due to orders construing the millage roll-back statutes, the suit has now become one to increase taxes; that there was no true adversary proceeding because the original plaintiffs aligned themselves with all other parties on one side of the issue; that new issues have developed since the Board of Public Instruction was allowed to intervene, and those issues are of general interest to all property owners; that intervention has been liberally granted in this proceeding; that in the interest of justice petitioners should be allowed to intervene. On March 9, 1967, the trial judge denied the petition to intervene upon the grounds: *652 1. The tax bills for 1966 had already been placed in the mails and so “petitioners have slept on whatever rights they may have had to intervene.” 2. They alleged no facts which would entitle them to intervene. 3. At this late stage intervention is a matter of judicial discretion and granting the petition would accomplish no more than additional confusion. We do not agree with the foregoing conclusions of the trial judge and reverse.
As a general rule, the matter of allowing parties to intervene is discretionary after the entrance of a final decree, however, we are not here confronted with a “run of the mill” case in which the final decree settled the issues between the parties. First, we have a class suit that admittedly affects all of the citizens of Volusia County and especially the taxpaying freeholders. It is elementary that all classes should be represented in such a suit and that the judicial proceedings should be adversary in the fullest sense of the word, 24 Fla.Jur., Parties, § 18. Secondly, the appellants allege, and the record supports the allegation, that not until the entry of the post decretal order of January 19th did it become apparent to them that the original plaintiffs were not representing the taxpaying freeholders. As set out in the above chronology of events, the Board of Public Instruction filed on January 18, 1967, notice (which was served upon all parties by mail on January 17, 1967) that a hearing would be held upon its petition seeking, inter alia, a determination as to “ * * * whether or not the TAX ASSESSOR OF VOLUSIA COUNTY, FLORIDA is acting within his lawful authority in certifying a ratio for the reduction of the millage authorized to be levied by the BOARD OF PUBLIC INSTRUCTION OF VOLUSIA COUNTY, FLORIDA pursuant to the provisions of Section 10, Article XII of the Constitution of Florida,” and as to whether or not the Board of Public Instruction is required to reduce its millage, and seeking a decree enjoining the tax assessor “ * * * from certifying a ratio for the reduction of millage authorized to be levied by the BOARD OF PUBLIC INSTRUCTION OF VOLUSIA COUNTY, FLORIDA. * * * ” A hearing was held on the same day petition was filed and an order rendered the following day found that the millage was not to be reduced and enjoined the tax assessor from certifying a ratio for the reduction of millage. Appellants allege that the net effect of this order resulted in practically doubling the millage. Apparently, a new issue was injected by the intervening Board of Public Instruction subsequent to the entry of the final decree, and the record indicates from the quick time of giving notice of the hearing and disposition of the issue an absence of an adversary proceeding.
Wags Transportation System v. City of Miami Beach, 88 So.2d 751 (Fla.1956), is applicable. A final decree was entered by the chancellor which enjoined the City from enforcing zoning restrictions upon residential property. Petitioners, who were owners of residential property within the same zoning district sought permission to intervene for the purpose of taking an appeal, which permission was denied by the chancellor. The Supreme Court, after stating the general rule “that it is too late to apply for intervention after final decree has been entered,” also recognized “ 'there are cases where in the interest of justice leave to intervene has been granted after final decree’ ”, and in granting certiorari allowed intervention upon the principle “that the ends of justice require that it [the petition for intervention] be granted.” Also see Tallentire v. Burkhart, 150 Fla. 137, 7 So.2d 326 (1942). We conclude that this record strongly supports the allegations of the petition to intervene; petitioners did not “sleep” on their rights; and the ends of justice require that the petition to intervene be granted.
Reversed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.