419 So.2d 715 (1982)
Alfred L. WILLIAMS and Joanne M. Williams, His Wife; and Safeco Title Insurance Company, Appellants,
v.
David NUSSBAUM, Sr.; David Nussbaum, Jr.; Lacy Mahon, Jr.; George R. Register, Jr.; and Graham-Jones Paper Company, a Division of the Mead Corporation, Formerly Graham-Jones Paper Co., a Florida Corporation, Appellees.
No. AG-448.
District Court of Appeal of Florida, First District.
September 10, 1982.
Rehearing Denied October 7, 1982.
*716 Dennis E. Hayes and Sharon S. Roberts, Martin, Ade, Birchfield & Johnson, Jacksonville, for appellants.
William Nussbaum, Nussbaum, Nussbaum, Mahon & Register, Jacksonville, for appellees.
PER CURIAM.
We reverse the amended summary final judgment dated September 4, 1981, and that portion of the order denying appellants' motion to set aside or stay the amended summary final judgment and foreclosure sale.
The original summary final judgment of foreclosure dated July 23, 1981 provided in paragraph 7 that appellees' judgment-creditors' liens against the undivided one-half interest of Joseph Gardener Sams, Jr. in the foreclosed real property would be paid under the following conditions:
Should the sale ordered hereby result in an excess of funds above the sums adjudicated to be due plaintiff, any interest in said sums of the defendant, Joseph Gardener Sams, Jr., as later determined by the court, shall be divided pro rata between Nussbaum and Graham-Jones, based upon the above total amount of their respective judgments with interest, and any excess above the amounts due those defendants shall be paid to the defendant, Joseph Gardener Sams, Jr. (emphasis supplied)
Jurisdiction was retained by the court to enter "further orders as are proper... ."
Although appellees were clearly entitled to notice of the foreclosure plaintiffs' post-judgment application to another circuit judge to set aside the judgment and dismiss the foreclosure action, their remedy was to promptly move for a rehearing, or to set aside the order entered without notice, and to have the original final judgment reinstated. Instead, without additional pleadings, notice, or process, appellees applied to yet another circuit judge for entry of a new and different summary final judgment in their favor. Furthermore, although appellees' motion for an amended summary final judgment requested a judgment "making the same determinations" as contained in paragraph 7 of the original judgment, the judgment they prepared and submitted to the court departed substantially from the original. The amended summary final judgment omitted any requirement that any excess remaining from the proceeds of the foreclosure sale be held, pending a determination by the court of the interest of appellees' judgment-debtor, Sams, and instead, placed appellees in the position of foreclosing mortgagees with respect to an undivided one-half interest in the property itself, with no provision for determination by the court of the amount, if any, representing the interest of Sams in the sales proceeds. The new judgment also provided that appellees could become bidders and receive credit on their bids based on the amount of their liens, contrary to the original judgment.
We note that the personal representative of the Chavis estate, from which Sams derived any interest he might then or later have in the property, moved for rehearing as to the amended summary final judgment, pointing out that appellees had obtained a judgment that gave appellees rights superior to those acquired under the original foreclosure judgment. Notwithstanding this, the motion for rehearing was denied. This was error. The personal representative of the estate had standing, under the original judgment, to have the court determine the disposition of the proceeds of the foreclosure sale, so long as the property or the funds derived from the sale remained within the control of the court. Indeed, by the express wording of the original foreclosure judgment, the interest of Sams in the *717 proceeds of sale was a matter to be determined by the court after the sale, and the Clerk of the court was specifically ordered by that judgment to retain any amount remaining (after payment of the costs and the judgment of the plaintiffs) "pending further order of this court."
The intervenors' motion sets forth circumstances sufficient to warrant their entry into this litigation. The motion alleges, among other things, that subsequent to the original final judgment, but prior to entry of the amended final judgment, yet another circuit judge, of the Probate Division, had approved a sale by the Chavis estate to the intervenors, Williams. Copies of purported orders from the Probate Division approving and confirming the sale were attached to the motion. The intervenors requested a stay of the impending foreclosure sale under the amended summary final judgment. This was denied. However, the motion to intervene was granted, and the intervenors were authorized to pursue such appeals as might be necessary to protect their interests.
As a general rule, it is too late to apply for intervention after a final decree has been entered. However, intervention should be permitted at such a time if the interests of justice require it. Wags Transportation Systems, Inc. v. City of Miami Beach, 88 So.2d 751 (Fla. 1956); Tallentire v. Burkhart, 150 Fla. 137, 7 So.2d 326 (1942); F.R.C.P. 1.230. The trial court was correct in granting the motion to intervene.
We reverse the amended summary final judgment, the order denying the motion to stay that judgment, and the foreclosure sale ordered pursuant to that judgment. On remand the intervenors shall be entitled to have their interests fully determined.[1] For the guidance of the trial court, appellees, as personal creditors of Sams, are entitled to no interest in the property or the proceeds of sale thereof, superior to that which Sams is entitled to as a beneficiary of the Chavis estate. In adjudicating such interest, the court shall take into account the requirements of the probate laws, as well as those pertaining to the rights of the parties as between themselves.
REVERSED AND REMANDED.
LARRY G. SMITH, JOANOS and THOMPSON, JJ., concur.
NOTES
[1] See, Miracle House Corporation v. Haige, 96 So.2d 417 (Fla. 1957); and Singletary v. Mann, 157 Fla. 37, 24 So.2d 718 (1946). In Singletary, the court quoted the rule as stated in 39 Am. Jur. p. 950, § 79:

Frequently the statutes and rules of practice governing intervention expressly stipulate that intervention shall be in subordination to and in recognition of the propriety of the main proceeding, but aside from any such express declaration the rule is stated to be that one who intervenes in a pending action ordinarily must come into the case as it exists and conform to the pleadings as he finds them or that he must take the case as he finds it. By this it is generally meant that he cannot avail himself of or urge mere irregularities in the proceeding which the original parties have expressly or impliedly waived, or of defenses which are personal to them.
We conceive this to mean that the intervenor may not assert matters extraneous to his own interests, but that he may avail himself of any and all arguments which relate to derivation and extent of his own interests, whether or not these matters have been previously asserted by one of the original parties.