905 So.2d 947 (2005)
Raymond SCHAFER and Ronald Schafer, Appellants,
v.
Eradio ABREU, Appellee.
No. 3D04-1762.
District Court of Appeal of Florida, Third District.
June 22, 2005.
William J. Karoly, Jr., for appellants.
Pedro F. Martell, Coral Gables, for appellee.
Before LEVY, C.J., and FLETCHER and ROTHENBERG, JJ.
PER CURIAM.
Raymond and Selma Schafer purchased a home located at 20309 W. Country Club Drive, and applied for tax exemption for the 1996 tax year. Subsequently, Selma passed away and, in January 2000, Raymond executed a Warranty Deed, giving himself a life estate, with a fee simple remainder interest to his son, Ronald Schafer. The Warranty Deed erroneously reflected that the Schafers resided at "2309 W. Country Club Drive # 709". The Record reflects, and the Schafers admit, that the Schafers did not pay their tax obligations for the 2000 tax year. The Schafers claim, however, that they never received notice of their property tax for the year 2000.
On June 21, 2001, a tax certificate was issued on the Schafers' property and was purchased by a third party. Thereafter, a *948 Notice of Application for Tax Sale was filed and the property was purchased by Eradio Abreu ("Mr. Abreu") on December 4, 2003. The Record reflects that all notices of the tax sale were mailed to "2309 W. Country Club Drive." In January of 2004, Mr. Abreu filed a Complaint to Quiet Title and a Notice of Lis Pendens. After Motions for Summary Judgment were filed by both parties, the trial court entered Final Summary Judgment Quieting Title in favor of Abreu. The Schafers' Motion for Rehearing was denied and this appeal followed. We reverse.
Section 197.502(4)(a), Florida Statutes, sets forth the tax collector's responsibility in providing the tax information to the clerk of the court prior to the sale of any property. § 197.502(4)(a), Fla. Stat. (2001). Specifically, section 197.502(4)(a) requires that the tax collector deliver to the clerk of the circuit court the individuals that must be notified prior to the sale of a property by tax deed.
The tax collector shall deliver to the clerk of the circuit court a statement that payment has been made for all outstanding certificates ... and stating that the following persons are to be notified prior to the sale of the property:
(a) Any legal titleholder of record if the address of the owner appears on the record of conveyance of the lands to the owner. However, if the legal titleholder of record is the same as the person to whom the property was assessed on the tax roll for the year in which the property was last assessed, then the notice may only be mailed to the address of the legal titleholder as it appears on the latest assessment roll.

§ 197.502(4)(a), Fla. Stat. (2001)(emphasis added).
In the instant case, Raymond Schafer was the legal titleholder in 1999, the last assessment period before the 2000 tax year. Additionally, the 1999 tax roll listed the mailing address as "20301 W. Country Club Dr. # 729". Thus, despite the incorrect address on the warranty deed, the clear language of subsection (a) required that notice in the instant case be sent to the Schafers at the address reflected in the 1999 tax roll because the legal title-holder, Raymond Schafer, remained the same. Accordingly, we reverse the Summary Judgment Order and remand with directions to invalidate the tax deed sale.
Reversed and remanded.