PER CURIAM.
Ian Yorty, the Miami-Dade County Tax Collector (“Tax Collector”), appeals from the trial court’s denial of the following two motions: (1) a motion for relief from judgment, and (2) a motion to intervene. For the following reasons, we reverse.
In Schafer v. Abreu, 905 So.2d 947 (Fla. 3d DCA 2005) (“Schafer I”), Eradio Abreu (“Abreu”) purchased a tax deed for a property owned by Raymond and Ronald Schafer (“the Schafers”). Subsequent to the purchase of the tax deed, Abreu in 2004 filed an action against the Schafers to quiet title. The Schafers challenged the sale and asserted that the tax deed was improperly issued because they failed to receive notice of the tax bill. The Tax Collector, however, was not a party to the Schafer I litigation. This Court reversed the trial court’s entry of final summary judgment in favor of Abreu. In accordance with this Court’s mandate in Schafer I, the trial court entered a final order setting aside the final summary judgment quieting title in favor of Abreu and canceling the tax deed sale.
Abreu then filed a second lawsuit against both the Tax Collector and the Schafers (“Schafer II”). Because the Tax Collector was not a party to the Schafer I litigation, it became aware of the original lawsuit only after it was named as a defendant in the Schafer II lawsuit. Subsequent to receiving notice of the Schafer II lawsuit, the Tax Collector filed a motion to intervene in the Schafer I lawsuit, pursuant to Florida Rule of Civil Procedure 1.230, contending that it was a necessary and indispensable party as the Schafers were challenging the issuance of the tax deed. Additionally, pursuant to Florida Rule of Civil Procedure 1.540, the Tax Collector also filed a motion for relief from judgment. The trial court denied both motions and this appeal ensued. For the reasons discussed below, we reverse both orders.
First, we find that the trial court abused its discretion in denying the Tax Collector’s motion to intervene. Because the original suit involved questions relating to tax deeds,[1] the Tax Collector was a necessary party to the suit and should have been permitted to intervene. See generally Wags Transp. Sys., Inc. v. City of Miami Beach, 88 So.2d 751 (Fla.1956); Tallentire v. Burkhart, 150 Fla. 137, 7 So.2d 326 (1942); Williams v. Nussbaum, 419 So.2d 715 (Fla. 1st DCA 1982).
*1157 Second, we find that the trial court also abused its discretion in denying the Tax Collector’s motion for relief from final judgment. Because the failure to join the Tax Collector as a necessary party rendered the final judgment void, we find that relief was proper under Rule 1.540(b)(4). Lastly, we find that given the unique circumstances of this case, it is “no longer equitable that the judgment ... should have prospective application.” Fla. R. Civ. P. 1.540(b)(5); see also In re Guardianship of Schiavo, 792 So.2d 551, 559 (Fla. 2d DCA2001).
Reversed and remanded for proceedings consistent with this opinion.

. Section 194.181(3), Florida Statutes (2003), states: "In any suit involving the collection of any tax on property, as well as questions relating to tax certificates or tax deeds, the tax collector charged under the law with collecting such tax shall be the defendant.” This section was subsequently amended in 2005.