Forst, J.
Appellant Symcon Development Group Corp. appeals the trial court’s denial of its motion to intervene, arguing the court should not have denied its motion because Appellant had a direct and immediate interest in the subject matter of the underlying lawsuit between Appellees Bindu Passero and Anand Amarnath. As set forth below, we agree with Appellant, and reverse and remand for the trial court to grant Appellant’s motion.
Background
Bindu Passero (“Plaintiff’) filed an amended verified complaint against her brother, Anand Amarnath (“Defendant”), alleging Defendant committed tortious acts leading to the improper transfer of certain real property from their father to Defendant. Allegedly, after their father suffered a stroke, Defendant “unduly influenced the Decedent [father] into executing a QuitClaim Deed dated November 16, 2011, which had the effect of removing Plaintiff as a remainder beneficiary of the subject real property upon the death of the Decedent.” Plaintiff attached the quit-claim deed to the verified complaint, and contended she “would have been a joint owner of the subject real property but for the improper conduct of the Defendant.”
After learning of the suit, Appellant filed an Emergency Motion to Intervene. Appellant sought intervention because “Interve-nor has a pending Residential Contract for Sale and Purchase with Defendant, ANAND AMARNATH, to purchase the Property .... ” Appellant attached the land sale contract to its motion, and stated that it was “affected in a direct and immediate manner such that Intervenor will either gain or lose by the direct legal operation and effect of the Court’s final judgment in this matter.”
The trial court denied the motion to intervene. The court’s decision found Appellant’s interest in the case was “merely indirect, inconsequential, or contingent,” and noted that Defendant could adequately defend Appellant’s interest in the underlying lawsuit. It also found that Appellant could sufficiently guard its interest in the property by bringing separate suit. Appellant filed a motion for reconsideration, but the trial court denied it, explaining that because Defendant “no longer desires to go forward with the sale” with Appellant, the matter was moot and intervention unnecessary.[1] The court also noted it was denying the motion for reconsideration because Appellant had since initiated a separate lawsuit to enforce the contract.
Analysis
“We review an order denying a motion to intervene for abuse of discretion.” De Sousa v. JP Morgan Chase, N.A., 170 So.3d 928, 929 (Fla. 4th DCA 2015).
Pursuant to Florida Rule of Civil Procedure 1.230, “[a]nyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion.” *881 Shedding light on the rule, the Florida Supreme Court has established the definitive test for determining whether a third party can intervene:
“It has generally been held that’the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.”
Miracle House Corp. v. Haige, 96 So.2d 417, 418 (Fla. 1957) (quoting Morgareidge v. Howey, 75 Fla. 234, 78 So. 14, 15 (1918)). The court recognized that “the aim of the rules [is] to allow liberal joinder of parties and claims and the policy of equity to grant complete relief and avoid a multiplicity of suits.” Id.) see also Nat’l Wildlife Fed’n Inc. v. Glisson, 531 So.2d 996, 998 (Fla. 1st DCA 1988) (“Intervention should be liberally allowed.”).
Here, we find that Appellant had a “direct and immediate” interest in the underlying lawsuit by virtue of its pending Contract for Sale and Purchase with Defendant. The underlying lawsuit between Plaintiff and Defendant could certainly have affected the validity of that sale. After all, Plaintiffs amended complaint sought to void the quit-claim deed by which their father made Defendant the sole remainder beneficiary of the subject real property. If Plaintiff prevails below, then the contract between Appellant and Defendant will be no more because Defendant would not have the whole interest the contract purports to transfer. The end result would be that Plaintiff, not Appellant, will be owner of the property. As Appellant explained in its motion, “Intervenor will either gain or lose by the direct legal operation and effect of the Court’s final judgment in this matter.”
The instant case is analogous to Miracle House Corp. There, the Florida Supreme Court reversed the denial of the appellant’s motion to intervene because the appellant had asserted a direct and immediate interest in the real property at issue in the underlying lawsuit. Miracle House Corp., 96 So.2d at 418. That appellant, like the one in the instant case, had executed a land sale contract with one of the appel-lees, and subsequently learned that the seller and another party were contesting ownership of the property. Id. The court held that the' appellant had a right to intervene because he “had a very real interest in a parcel of the property in litigation by virtue of a contract of purchase and sale thereof executed in its favor by one of the appellees. The determination of the rights of appellees would have a direct effect on the rights of the appellant under its contract.” Id. See also Bymel v. Bank of Am., N.A., 159 So.3d 345, 347 (Fla. 3d DCA 2015) (holding appellant purchaser had a right to intervene in the underlying mortgage foreclosure action because, given the particular facts, the purchaser had a reasonable basis for obtaining title to the subject real property). Here too, the resolution of property ownership in the underlying suit will have a direct effect on Appellant’s rights.
As a final matter, the trial court’s supplementary reasons for denying Appellant’s motion to intervene are flawed. First, the court denied the motion because it believed Defendant could adequately represent Appellant’s interest in the underlying lawsuit. But later, in an order denying Appellant’s motion for reconsideration, the court recognized that “Defendant testified that he does not wish to extend the subject matter contract with [Appellant] and no longer desires to go *882 forward with the' sale.” The trial court’s conclusion is thus at odds with Defendant’s testimony, with the latter certainly .calling into question Defendant’s continued support for the sale of the property to Appellant. Moreover, the court denied the motion to intervene because Appellant could commence a separate lawsuit (and, in fact, it has done so). But again, as the Florida Supreme Court explained, one of the main reasons allowing for intervention of third parties is to avoid a multiplicity of lawsuits. See Miracle House Corp., 96 So.2d at 418.
Conclusion
We reverse and remand the trial court’s denial of Appellant’s motion to intervene because Appellant had a direct and immediate interest in the real property that was the subject of the underlying lawsuit..In conformity with the language of Rule 1.230,. as well as the case law discussed above (“[ijntervention should be liberally allowed”), we remand with instructions to the trial court to grant Appellant’s motion to intervene.

Reversed and remanded.

Damoorgian and Gerber, JJ., concur.

. This doesn’t moot Appellant’s interest in intervention because it is seeking to enforce the contract even if Defendant is trying to back out.