# Third District Court of Appeal

## State of Florida

Opinion filed May 19, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-66
Lower Tribunal Nos. 19-16549CC and 19-291AP

_____

**F.Y.E.S. Holdings, Inc.,**
Appellant,

vs.

**House Golden Rule, LLC and Paul Quevedo,**
Appellees.

An Appeal from a non-final order from the County Court for Miami-Dade County, Christina Marie DiRaimondo, Judge.

Navarro │ McKown and Luis F. Navarro, for appellant.

Diaz, Reus & Targ, LLP, Michael Diaz, Jr., George Diaz, Roland Potts, and Ta'Ronce Stowes, for appellee House Golden Rule, LLC.

Before FERNANDEZ, HENDON, and BOKOR, JJ.

FERNANDEZ, J.

F.Y.E.S. Holdings, Inc. ("FYES") appeals a county court order denying FYES's verified motion to intervene and for additional relief. Because the county court abused its discretion denying intervention, we reverse the order and remand the case to the county court for further proceedings.

On April 18, 2019, non-party Jelnaz Capital, Inc. ("Jelnaz") executed a quit-claim deed conveying its interest in the subject property located at 10015 N.W. 46th Street, Unit 203-4, Doral, Florida 33178 to FYES. This quit-claim deed was recorded on April 22, 2019 in OR Book 31411, Page 2463-2464 of Miami-Dade County Public Records.

FYES claims that on April 30, 2019, Eddy Salloum, allegedly on behalf of Jelnaz, attempted to fraudulently transfer title to the subject property to plaintiff/appellee, House Golden Rule, LLC ("HGR"). FYES contends that because it believed the property had already been conveyed to FYES, the conveyance from Salloum to HGR was void.

Thereafter, on May 10, 2019, HGR filed a quiet title action in Miami-Dade Circuit Court against FYES and its principal, Jerry Collado, regarding the subject property (circuit court case number 2019-14237-CA-10). Its Amended Complaint was filed on July 19, 2019, adding an individual, Aldofo Leon Varon, as a defendant.

HGR then claimed that defendant, Paul Quevedo ("Quevedo"), failed to pay the rent due for June 15, 2019 in the amount of $1,950.00 on the subject condominium unit. On June 19, 2019, Quevedo filed a letter with the Clerk of the Court stating he did not know who to pay the rent to, as the property had an open case number (case number 2019-014237 CA 01) in the circuit court. He requested that the clerk accept the payment of rent for June 15 to July 15, 2019. Quevedo attached a copy of his lease with one Qara Enterprises, Inc., as well as an addendum to the contract evidencing a transfer of ownership from Qara to Jelnaz.

On June 28, 2019, a written demand for payment giving Quevedo three-day notice pursuant to section 83.56(3), Florida Statutes (2019), was personally served on Quevedo, as well as emailed to him, by HGR. On July 15, 2019, HGR filed an eviction action in county court against Quevedo regarding the same subject condominium unit.

On July 22, 2019, Quevedo filed his Notice of Depositing Rent into the Court Registry. That same day, Quevedo filed a motion to dismiss complaint and motion for attorney's fees.

On August 26, 2019, HGR filed a Motion for Final Judgment of Eviction. The next day, Quevedo filed his Reply in Opposition to Plaintiff's Motion for Final Judgment of Eviction. In that reply, Quevedo argued that HGR was not

3

the legal owner of the subject property, as the attached exhibits demonstrated. He further argued that HGR was attempting to get a final judgment in the eviction action and a writ of possession judgment from the county court so that it could use it in the circuit court quiet title action and gain possession of the property in this matter.

FYES then filed a Verified Emergency Motion to Intervene and for Additional Relief on August 27, 2019. FYES believed HGR had no ownership interest in the property, HGR was not entitled to any rent money from Quevedo, and HGR did not have standing in the eviction against Quevedo.

On October 9, 2019, HGR and Quevedo entered into an Agreed Stipulation of Dismissal. Also, on October 9, 2019, FYES filed its Objection to and Alternatively, Motion to Set Aside Stipulation for Dismissal. FYES claimed that the stipulation for dismissal was an attempt by HGR to cover up the fact that the complaint for eviction was a fallacy. FYES alleged that after receipt of process, Quevedo filed a motion to dismiss asserting that FYES was the legal owner of the property. FYES contended that HGR filed a motion for final judgment of eviction seeking a default judgment of eviction against Quevedo for failure to pay rents into the court registry as required by section 83.60(2). FYES then alleged that, in response, FYES filed its reply asserting that HGR is not the legal owner of the property and thus had no

4

standing to seek a judgment of eviction and that Quevedo had since relinquished the property. When FYES became aware of the instant action, it moved to intervene. On October 10, 2019, the trial court entered its Agreed Order of Dismissal dismissing HGR's complaint against Quevedo with prejudice.

On October 15, 2019, the trial court granted FYES's motion to set aside the agreed stipulation for dismissal and entered its Order Vacating Agreed Order of Dismissal. That same day, the county court denied FYES's motion to intervene and for additional relief as moot. The trial court stated in its order that the issue was moot because the matter had been voluntarily dismissed by HGR and Quevedo on October 10, 2019; that even if not moot, intervention was not appropriate because FYES was bound by the stipulation of dismissal; that the record was void of a section 83.56(3) three-day notice from FYES; and that "FYES Holdings cannot selectively decide to, on the one hand, take House Golden Rule's three-day notice of eviction as its own, and on the other hand ignore House Golden Rule's Agreed Stipulation of Dismissal with Quevedo." FYES then appealed.

FYES argues that its motion to intervene is not moot because the trial court entered an order setting aside the joint stipulation for settlement. FYES further contends that the trial court erred in denying its motion to intervene

5

because the rule governing intervention does not require the court to consider the ultimate outcome of the case. We agree.

An order denying a motion to intervene is final as to the movant and appealable by the movant. Adhin v. First Horizon Home Loans, 44 So. 3d 1245, 1249 (Fla. 5th DCA 2010). Appellate courts review an order denying a motion to intervene under an abuse of discretion standard. De Sousa v. JP Morgan Chase, N.A., 170 So. 3d 928, 929 (Fla. 4th DCA 2015). "If, however, reasonable people could differ as to the propriety of the action taken by the trial court, then it cannot be said that the court abused its discretion." Seven Hills, Inc. v. Bentley, 848 So. 2d 345, 352 (Fla. 1st DCA 2003).

First, FYES's motion to intervene is not moot because the county court entered an order setting aside HGR and Quevedo's joint stipulation for settlement. HGR argues that FYES "invited error" in seeking intervention in the proceedings below. There is no support for HGR's argument. As the record indicates, on October 10, 2019, HGR and Quevedo entered into an Agreed Stipulation to dismiss the eviction action. The record also indicates that the county court set aside this stipulation on October 15, 2019. Thus, the eviction action is still active. Accordingly, FYES's motion to intervene is not moot, as there is still an action pending before the county court in which FYES may intervene.

6

Additionally, in its order on appeal, the county court ruled that even if the motion was not moot, the motion would still have been denied because "[a]n intervenor is bound by the record made at the time he intervenes and must take the suit as he finds it. See State Tr. Realty, LLC v. Deutsche Bank Nat. Tr. Co. Americas, 207 So. 3d 923, 926 (Fla. 4th DCA 2016)." The trial court was correct that the law in Florida is that an intervenor takes the record as the intervenor finds it, and FYES has conceded this point. But in this case, the record indicates that the county court set aside the stipulation of dismissal, so in effect, the case has not been dismissed. Furthermore, the record indicates that a three-day notice of eviction was served on Quevedo by HGR. FYES takes the record as it finds it which means Quevedo was served with a three-day notice, and all conditions precedent have been met for the eviction action under section 83.56(2), Florida Statues (2019). Accordingly, the trial court abused its discretion on this basis.

Secondly, FYES argues that the trial court erred in denying FYES's motion to intervene because the rule governing intervention does not require the court to consider the ultimate outcome of the case. Florida Rule of Civil Procedure 1.230 states, "Anyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety

7

of the main proceeding, unless otherwise ordered by the court in its discretion." In Weiss v. Courshon, 618 So. 2d 255 (Fla. 3d DCA 1993), this Court stated:

> Rule 1.230 allows intervention to occur at any time. The rule provides that "the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding, unless otherwise ordered by the court in its discretion." The rule simply means that the intervenor takes the case as he or she finds it, unless the court orders otherwise. It does not mean that dismissal of [one of the plaintiff's] claim ousts the court of jurisdiction or requires dismissal of the claims of [the other plaintiffs/intervenors].

Id. at 258. Thus, this Court recognized that although dismissing the initial plaintiff's complaint may be warranted, it does not control the issue of whether an intervenor's motion to intervene should be granted, as is the situation in the case before us. In addition, the Florida Supreme Court in Miracle House Corporation v. Haige, 96 So. 2d 417 (Fla. 1957) held:

> 'It has generally been held that the interest which will entitle a person to intervene under this provision must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. In other words, the interest must be that created by a claim to the demand in suit or some part thereof, or a claim to, or lien upon, the property or some part thereof, which is the subject of litigation.'

Id. at 418. Here, FYES's claim of ownership is of "direct and immediate character." Furthermore, in the similar or related county court case on appeal to this court, case number 3D21-67, House Golden Rules, LLC et al. v.

F.Y.E.S. Holdings, Inc., (Fla. 3d DCA March 17, 2021), this Court per curiam affirmed the county court's order in that eviction case in which the county court found that FYES's quit claim deed was recorded first in time with regards to another property, located at 10065 N.W. 46th Street, Unit 305, Doral, Florida, 33178, under the same circumstances as in the case before us and involving the same parties.

In that case, on April 18, 2019, Jelnaz executed a quit-claim deed conveying its interest in the property located at 10065 N.W. 46th Street, Unit 305, Doral, Florida 33178 to FYES. Id. This quit-claim deed was also recorded on April 22, 2019 in OR Book 31411, Page 2465-2466 of Miami-Dade County Public Records. Id. In the action in the circuit court to quiet title to the subject property in the case before us, HGR has also sought to quiet title to the Unit 305 property, as well. As a result of this Court's per curiam affirmance in case number 3D21-67, FYES was the record owner and title holder of the subject property in that case, pursuant to section 83.43(3), Florida Statutes (2019), because FYES's quit-claim deed was recorded first in time. Although the county court in that case was addressing a different condominium unit, the facts are identical as far as the parties involved and the quit-claim deed dates, as well as the April 30, 2019 transfer of title that HGR attempted with Jelnaz, after FYES already had title to the property.

9

Thus, in the case before us, FYES's quit-claim deed was also recorded first in time with regard to the Unit 203-4 condominium property.

As FYES accurately points out in its Initial Brief, "[W]ithout intervention, it is clear that [FYES] will be prejudiced by way of any judgment entered without is participation in the case. Namely, [FYES] will be deprived of its right to rents to which it is entitled under the terms of the Lease with Appellee Quevedo." Thus, HGR's contention that Quevedo adequately represented FYES's interests in the action is inaccurate.

Based on the foregoing, the trial court abused its discretion in denying FYES's motion to intervene. Thus, we reverse the trial court's order on appeal and remand the matter back to the county court so that FYES is allowed to intervene and for further proceedings.

Reversed and remanded.