DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ADENA TESTA,** individually and as co-trustee of the
Michael David Testa Revocable Trust,
Appellant,

v.

**DOLPHIN SUITE, LLC,** a Florida limited liability company, et al.,
Appellees.

No. 4D2024-0366

[July 31, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Michael Joseph McNicholas, Judge; L.T. Case No. 432023CA001310.

Jesse Panuccio, Stuart H. Singer, James Grippando and Jason Hilborn of Boies Schiller Flexner LLP, Fort Lauderdale, for appellant.

Ethan J. Loeb, Cynthia G. Angelos, Steven Gieseler, Nicholas M. Gieseler and Jalen Larubbio of Bartlett Loeb Hinds Thompson & Angelos, Tampa, for appellee Dolphin Suite, LLC.

KUNTZ, J.

Adena Testa, individually and as co-trustee of the Michael David Testa Revocable Trust, appeals the circuit court's order denying her motion to intervene in a declaratory action brought by Dolphin Suite, LLC. In the underlying case, Dolphin Suite seeks to compel the Town of Jupiter Island to issue a building permit for Dolphin Suite's property. Because we conclude Testa has an interest sufficient to allow intervention, we reverse the circuit court's order.

### *Background*

The Town of Jupiter Island is a narrow barrier island with about 900 residents. Jupiter Island's Comprehensive Plan emphasizes "tranquility" and "seclusion." It states that "the beauty of nature will always dominate the presence of man" within the community, and that community would "preserve natural resources to the maximum extent possible." It explains

that objectives or policies discouraging "the proliferation of urban sprawl" are unnecessary because the Town was already "virtually developed, and the only areas for potential development are located on 'in-fill' parcels." When development is proposed, Jupiter Island's Land Development Regulations carefully control development standards and Town density.

One regulation imposed is Jupiter Island's waterfront setback lines, which prohibit new construction a certain distance from either the river or the ocean. In 2019, the Town Commission enacted Ordinance 376, which moved these lines and effectively increased the developable area on the Town's oceanfront. Thereafter, four property owners filed development applications, asserting that Ordinance 376 permitted them to build large "accessory houses" on the oceanfront portions of their properties. Dolphin Suite, one of the property owners, seeks to construct a 2,567 square-foot beach house on its property.

Once the property owners had filed their development applications, another resident, Testa, learned that Ordinance 376 had increased the developable area on the oceanfront. Opposed to the new development, Testa took action.

First, Testa filed suit against the Town, alleging that Ordinance 376 was void ab initio because the Town did not follow the notice provisions in section 166.041(3)(a), Florida Statutes (2019), prior to enacting the ordinance. Notably, the trial court permitted Dolphin Suite to intervene in Testa's suit. On appeal, we agreed that the Town did not comply with section 166.041(3)(a)'s notice provisions prior to enacting Ordinance 376. *Testa v. Town of Jupiter Island*, 360 So. 3d 722, 730–33 (Fla. 4th DCA 2023). We remanded for a trial to resolve the Town's and intervenors' affirmative defenses of laches and waiver.[1]

Second, Testa filed administrative challenges to prevent the Florida Department of Environmental Protection from issuing state-level permits to the property owners. FDEP requires state-level permits to ensure "imprudent construction" does not "jeopardize the stability of the beach-dune system, accelerate erosion, provide inadequate protection to upland structures, [or] endanger adjacent properties . . . ." § 161.053(1)(a), Fla. Stat. (2023). To that end, section 161.053 requires that an owner may not alter, excavate, or construct on property seaward of a coastal construction control line without a FDEP permit. *See* § 161.053(4), Fla. Stat. (2023). In one of those cases, an administrative law judge found in Testa's favor

---

[1] The Town has sought discretionary review in the Supreme Court of Florida. That case remains pending.

and denied the property owner a permit. The record suggests other administrative challenges remain pending.

Notwithstanding Testa's challenges, Dolphin Suite obtained approval from the Town's Impact Review Committee for its proposed beach house. Further, the Town Commission rejected Testa's appeal challenging the proposed construction and affirmed the IRC's approval. Notwithstanding the approval, the Town did not issue a permit to Dolphin Suite. Dissatisfied, Dolphin Suite petitioned the circuit court for a writ of mandamus requiring the Town to issue a development permit.

Testa moved to intervene, arguing: (1) her challenge to the FDEP permit must first be resolved; (2) her challenge to Ordinance 376 must first be resolved; and (3) even if those proceedings did not exist, she had an interest as a property owner to protect Jupiter Island's "pristine beachfront" and "neighborhood character . . . ." The Town did not oppose Testa's motion to intervene, but Dolphin Suite did. The court denied Testa's motion, finding "that there's no direct or specific damage that would allow for" intervention.

### *Analysis*

Under Florida Rule of Civil Procedure 1.230, "[a]nyone claiming an interest in pending litigation may at any time be permitted to assert a right by intervention . . . ." An interest sufficient to warrant intervention "must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." *Union Cent. Life Ins. Co. v. Carlisle*, 593 So. 2d 505, 507 (Fla. 1992) (quoting *Morgareidge v. Howey*, 78 So. 14, 15 (Fla. 1918)).

Testa argues she has such a direct interest. She challenged the original enactment of Ordinance 376 in an attempt to prevent Dolphin Suite's planned construction.[2] And she prevailed in this court on her challenge. She has raised challenges with the Florida Department of Environmental Protection. Again, the record reveals she has prevailed on one such challenge while others remain pending.

Dolphin Suite's petition for writ of mandamus to require the Town to issue a permit could leave Testa with no remedy. If the Town issues a permit, Dolphin Suite may proceed with construction of its proposed beach house. If so, Testa could lose her rights in those other proceedings.

---

[2] As noted above, Dolphin Suite was permitted to intervene in Testa's suit.

Dolphin Suite's petition is, as Testa argues, a potential run-around of her litigation efforts. On these specific facts, and without objection by the Town, we conclude Testa satisfied the standard required for intervention. She demonstrated that she has "a direct and immediate interest in the . . . underlying lawsuit." *Symcon Dev. Grp. Corp. v. Passero*, 219 So. 3d 879, 881 (Fla. 4th DCA 2017) (internal citation omitted).

### *Conclusion*

The circuit court's order denying Testa's motion to intervene is reversed.

*Reversed.*

KLINGENSMITH, C.J., and WARNER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***